Cheeleat NGOU, on his own behalf and on behalf of all others similarly situated, Plaintiffs,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 82–0865.

United States District Court, District of Columbia.

March 31, 1982.

William Rutzick, Anthony Lee, Seattle, Wash., Mary A. Sheehan, Washington, D. C., for plaintiffs.

Royce Lamberth, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This class action is brought on behalf of more than 10,000 Asian refugees residing in the State of Washington seeking to enjoin the Secretary of Health and Human Services from implementing a regulation which otherwise would become effective April 1, 1982, under which cash and medical benefits presently available to the class pursuant to the provisions of the Refugee Act of 1980, 8 U.S.C.A. § 1521 *et seq.* (1982 Supp.), would be withdrawn. The complaint and a motion for a preliminary injunction were filed March 29, 1982, the issues were fully briefed by both sides, and argument of counsel was heard on March 30 in view of the urgency of the issues presented.[1] For the reasons stated in the findings of fact and conclusions of law that follow, a preliminary injunction shall issue.

The challenged amendments to the Refugee Resettlement Program regulations, 47 Fed.Reg. 10,841, were proposed for comment on December 11, 1981, approved by the Secretary on February 8, 1982, and published March 12, 1982, to become effective April 1, 1982. Since the effective date is twenty days from the date of publication,

---

1. Plaintiffs also filed a motion for a temporary restraining order which was withdrawn and by consent of counsel for both sides the hearing proceeded on plaintiffs' motion for a preliminary injunction.

plaintiffs allege that the regulation is invalid because the Secretary failed to comply with the 30-day notice provision of section 553(d) of the Administrative Procedure Act ("APA") and that in any event the termination of benefits to the class on such short notice is arbitrary and capricious. Plaintiffs further contend that the regulations are invalid because they are not reasonably related to the purposes of the Refugee Act. Defendant counters that he is not subject to the 30-day notice provision, at least under the circumstances of this case, and that in any event he has complied with the requirements of section 553(d). Defendant also contends that the notice period was not arbitrary and capricious and that the regulations are fully consonant with the Act.

■ Defendant seeks to justify his failure to comply with the 30-day notice requirement of section 553(d) on several alternative grounds. First, he points to the provision of section 553(a) which exempts from the APA rule-making requirements any regulation relating to federal "grants" or "benefits." Although the Secretary by regulation has waived this exemption to assure public comment, *see* 36 Fed.Reg. 2532 (February 5, 1971), he argues that this waiver does not apply to the 30-day notice provision and that he therefore is still not bound by section 553(d). But the 30-day notice requirement, like the notice and comment procedures prescribed in sections 553(b) and (c), is designed to ensure adequate public participation in the rule-making process. There is no justification for adopting the limited interpretation defendant proposes for the waiver, which simply states that the Department shall "utilize the public participation procedures of the APA, 5 U.S.C. § 553." *See Kollett v. Harris,* 619 F.2d 134, 144 & n.12 (1st Cir. 1980). It is highly significant that the waiver was adopted in response to a recommendation of the Administrative Conference of the United States and legislation proposed in Congress, both of which would have subjected regula-

tions relating to "grants" and "benefits" to all of the requirements of section 553. *See* 116 Cong.Rec. 6478–79 (1970) (S. 3569); 115 Cong.Rec. 36, 178 (recommendation No. 16 of the Administrative Conference).

■ Defendant next argues that he complied with the 30-day notice requirement since section 553(d) may be satisfied if a regulation is released in proposed form at least 30 days in advance of its effective date. The weight of authority, however, reads section 553(d) as requiring a 30-day delay between publication of the final rule and its effective date. *See Rowell v. Andrus,* 631 F.2d 699, 702 (10th Cir. 1980); *United States v. Gavrilovic,* 551 F.2d 1099, 1104 & n.9 (8th Cir. 1977). The Court, moreover, concludes that this interpretation of the statutory language is the most reasonable.

■ Finally, the Secretary invokes the "good cause" exception to the 30-day notice requirement seeking to rely on the Department's serious budget constraints imposed by Congress.[2] He points to the fact that the new regulations for administrative reasons must become effective on the first day of the month and that a postponement would have necessitated extending the proposed regulation to May 1, placing an additional monetary burden on the program of approximately $15,000,000. Such an expenditure of funds will, according to the Secretary, either result in a short-fall of funds for administering the Refugee Resettlement Program or require that funds earmarked for other refugee assistance purposes be diverted to the refugee cash and medical assistance program. The Court finds this attempted justification insufficient to meet the requirements of section 553(d). The Secretary approved the regulation on February 8, 1982, and therefore had ample time to provide these desperate refugees with the 30-day lead time provided in the statute which would enable them better to adjust to their changed circumstances. He cannot bootstrap himself into a position

---

**2.** The Secretary is proceeding under a continuing resolution which expires March 31, 1982, and it is uncertain whether any other money

will be available and, if so, in what amount, to fulfill aspects of the program for the remaining six months of fiscal year 1982.

of emergency based on his own dilatory conduct. *See State of New Jersey, Department of Environmental Protection v. Environmental Protection Agency*, 626 F.2d 1038, 1041 (D.C.Cir.1980); *Shell Oil Co. v. Federal Energy Administration*, 527 F.2d 1243, 1248 (TECA 1975).

Focusing solely on the issue of whether defendant has violated the requirements of section 553(d) the Court finds that plaintiffs have demonstrated a substantial likelihood of success on the merits. In addition, the Court finds that the Secretary's decision to withhold cash and medical benefits on less than three weeks' notice is likely to have been arbitrary and capricious. *See National Assn. of Indep. Tel. Producers & Distrib. v. FCC*, 502 F.2d 249, 254 (2d Cir. 1974).

Weighing the other factors to be considered in ruling on a motion for a preliminary injunction,[3] the Court finds that entry of preliminary injunctive relief is appropriate at this stage. These refugees face substantial irreparable injury if they are deprived of cash and medical benefits. No substitute benefits are available to them under either federal or state law.

The Court has also considered the understandable difficulties and attendant uncertainties which confront the Secretary under the prevailing budgetary situation. It has been indicated to the Court that if the regulation does not go into effect as to the refugees in the State of Washington for another month the government may be required to expend an additional sum in the neighborhood of $2,000,000. This may ultimately necessitate reducing benefits available to other refugees. However, funds are available from the uncommitted funds Congress appropriated under the 1981 budget to continue the cash and medical assistance program as to refugees in the State of Washington for a limited period. Given the serious human problems created by the precipitous amendment to the regulations, the Court is of the view that it is in the public interest to require the Secretary to defer application of the challenged regulation as it applies to refugees in the State of Washington.

The final question to be resolved is the nature of the injunctive relief to be granted. Some courts have held that regulations issued in violation of section 553(d) are merely ineffective until passage of the 30-day period. *See, e.g., Rowell v. Andrus*, 631 F.2d 699, 704 (10th Cir. 1978). The Court recognizes that this approach should be questioned since it invites violations of section 553(d). *Cf. State of New Jersey, Department of Environmental Protection v. Environmental Protection Agency*, 626 F.2d 1038, 1049 (D.C.Cir.1980).

The Court must take into account the special circumstances of this case and the fact that the only challenge to this regulation comes from a group of refugees residing in the State of Washington who are particularly disadvantaged by reason of the very limited nature of the benefits available to them under the laws of that state after the regulation goes into effect. As far as the Court is aware there are no challenges to the regulation from the thousands of refugees scattered among other states throughout the country. The appropriate remedy here is to extend the time when the regulation goes into effect to meet the special needs of these plaintiffs and to cause only a limited delay so as to preserve the funds available insofar as possible in the interests of the sound administration of the Refugee Resettlement Program as a whole. As already indicated, any delay of the April 1 effective date will necessarily delay implementation of the regulation for at least a month. Accordingly, a preliminary injunction shall issue enjoining the Secretary from implementing the challenged regulation before May 1, 1982, but only so far as it relates to refugees resident in the State of Washington. This has the effect of initiating the 30-day waiting period required under 553(d) as of today for the refugees resident in the State of Washington.

---

**3.** *See Washington Metropolitan Area Transit Commission v. Holiday Tours*, 559 F.2d 841, 843 (D.C.Cir.1977).

A status conference with counsel shall be held at 10:00 a. m. on April 5, 1982, to determine what further proceedings are necessary to achieve an expeditious resolution of this case on the merits.