**HOANG HA, Tuong vi Tran, Rafael Alfonso, Adriana Ortiz, Alvaro Alvarez, and Maria Del Carmen Jimenez, individually and on behalf of others similarly situated, Plaintiffs,**

v.

**Richard SCHWEIKER, Secretary of the United States Department of Health and Human Services; Marion J. Woods, Director of the California Department of Social Services; and Mary Ann Graves, Director of the California Department of Finance, individually and in their official capacities, Defendants.**

No. C–82–1258 SAW.

United States District Court, N. D. California.

June 23, 1982.

---

Robert Rubin, Mark Aaronson, Marcia Rosen, Bay Area Immigrant and Refugee Rights Project, San Francisco Lawyers' Committee for Urban Affairs, Mark D. Hudak, Morgenstein, Ladd & Jubelirer, San Francisco, Cal., for plaintiff.

Joseph P. Russoniello, U. S. Atty., John F. Barg, Asst. U. S. Atty., Chief, Civ. Div., San Francisco, Cal., for Federal defendants.

George Deukmejian, Atty. Gen., of the State of Cal., John J. Klee, Jr., Deputy Atty. Gen., San Francisco, Cal., for State defendants.

### ORDER AS TO COUNSEL FEES AND EXPENSES

WEIGEL, District Judge.

On April 8, 1982, the Court enjoined defendants from implementing, at any time prior to April 11, 1982, a certain regulation (47 Fed.Reg. 10841) under the Refugee Resettlement Program as to the State of California and refugees located therein. The judgment of injunction was based on the

Court's finding that the regulation was promulgated in violation of Section 553(d) of the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, in that publication was not made at least 30 days before its effective date (5 U.S.C. § 553(d). Plaintiffs now move the Court for an award of attorneys' fees and expenses against defendant Richard Schweiker (federal defendant), pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and against defendants Marion J. Woods and Mary Ann Graves (state defendants), pursuant to the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988. The Court finds that plaintiffs are entitled to an award of attorneys' fees against the federal defendant only.

Section 2414(d) of the EAJA makes a significant change in the prior law regarding attorney fees. Under it, the Court must award to a prevailing party attorneys' fees and other expenses incurred in a civil action against the United States unless the Court finds that the position of the United States was "substantially justified" or that special circumstances make an award unjust. This change was made in response to Congress' perception that individuals and organizations may be deterred from seeking review of unreasonable governmental action because of the expense involved in vindicating their rights. H.Rep.No.96–1418, reprinted at 1980 U.S.Code Cong. and Admin.News, p. 4984. "Providing an award of fees to a prevailing party represents one way to improve citizen access to courts.... By allowing a decision to contest Government action to be based on the merits of the case rather than the cost of litigation, [the Act] helps assure that administrative decisions reflect informed deliberation." 1980 U.S.Code Cong. and Admin.News, p. 4991.

■ It is especially in cases like the one now before the Court that an award of attorneys' fees is called for under Section 2412(d). The expense involved in vindicating the rights of affected refugees to continued benefits far exceeded the approximately $300.00 of cash benefits at stake for each individual refugee. Plaintiffs' challenge also served an important public interest by requiring the federal agency involved to comply with the notice provisions called for by federal statute. Had the federal defendant been successful in contesting that the Secretary was not bound by the notice requirements, the public protection called for by the statute would have been frustrated. Congress undertook to insure that protection by providing an award of fees to the prevailing party in such circumstances. "... the Government with its greater resources and expertise can in effect coerce compliance with its position. Where compliance is coerced, precedent may be established on the basis of an uncontested order rather than the thoughtful presentation and consideration of opposing views." 1980 U.S.Code Cong. and Admin. News, p. 4988.

■ Finally, the Court must consider whether the position of the federal defendant was "substantially justified" in fact and law. The test is essentially one of reasonableness. 1980 U.S.Code Cong. and Admin. News, p. 4989. The burden of proof rests with the government. *Id.*

Based upon the position of the federal defendant in this litigation and for the reasons set forth in the Court's findings of fact and conclusions of law in support of the judgment of injunction of April 8, 1982, the Court finds that the federal defendant's position was not substantially justified. It merits emphasis that one factor the Court considers is whether there has been a judgment adverse to the government in a prior similar suit. *Id.* at 4989–90. Virtually every issue in this case had been decided against the government on March 31, 1982 in *Ngou v. Schweiker*, 535 F.Supp. 1214 (D.D.C.1982). The government did not seek judicial review. Moreover, not a single regulation or court decision supported the federal defendant's contention that the Secretary was without obligation to follow the notice requirements of Section 553(d) of the APA. Indeed, the position of the federal defendant was inconsistent with the practice of his own agency and with clearly established precedent.

■ In calculating the fees award, the Court has considered the prevailing market rates for the kind and quality of the services furnished, the need for prompt action, the risk of taking the case on a contingency basis, the time reasonably devoted to the case, and the experience of counsel. Accordingly, the award will be for the attorney hours claimed (262.25) at the statutory rate of $75.00 per hour and for litigation expenses, including payment for 13.5 hours of paralegal services and other costs, making a total award of $20,530.29.

■ No award, however, can be made against the state defendants under the Civil Rights Attorneys' Fees Act. Assuming, without deciding, that plaintiffs stated a cause of action against the state under 42 U.S.C. § 1983 in alleging that the failure to provide adequate notice of the termination of benefits violated the Fourteenth Amendment, no portion of plaintiffs' time and services in this case appears to have been attributable to this due process claim against the state defendants. The sole issue argued and decided in this Court was whether the federal defendant's promulgation of the regulation was in violation of Section 553(d) of the APA. The state took no position on this issue. The federal defendant's conduct was the focus of the litigation. Thus, under *Tongol v. Usery*, 601 F.2d 1091 (9th Cir. 1979), plaintiffs are not entitled to recover fees from the state defendants. *See also Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1125 (9th Cir. 1981); *Tongol v. Usery*, 671 F.2d 504 (9th Cir. 1981).

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for award of attorneys' fees is granted as against defendant Richard Schweiker and denied as against defendants Marion J. Woods and Mary Ann Graves.

IT IS FURTHER HEREBY ORDERED that defendant Schweiker forthwith pay to plaintiffs attorneys' fees and expenses in the amount of $20,530.29.