**Hans Baussus VON LUETZOW, Plaintiff,**

v.

**DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT, Defendant.**

Civ. A. No. 82–772.

United States District Court, District of Columbia.

March 23, 1983.

Sheldon I. Cohen, Arlington, Va., for plaintiff.

Robert C. Seldon, Asst. U.S. Atty., Washington, D.C., for defendant.

MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action is before the Court on plaintiff's motion for costs and attorney's fees under the Equal Access to Justice Act, codified at 28 U.S.C. § 2412 (Supp. V 1981). The Court denies the motion without prejudice for the reasons set forth below.

The plaintiff is a physical scientist with the U.S. Army Engineer Topographic Laboratories employed at the GS–15 level. In his complaint, he alleged that the Office of Personnel Management (OPM) unlawfully denied his appeal to be reclassified to grade GS–16 and instead reduced his position to grade GS–14. He sought reversal of the OPM decision and retroactive promotion to grade GS–16.

The Court vacated OPM's decision and remanded the case to OPM for a comparison of plaintiff's position with those which he claimed were substantially equal to his. *Hans Baussus von Luetzow v. Director, Office of Personnel Management,* No. 82–772 (D.D.C. September 29, 1982). Both parties appealed. While the appeals were still pending, plaintiff filed a motion for attorney's fees. The Court stayed consideration of the motion pending disposition of the appeals. The cross appeals have now been dismissed by stipulation of the parties.

Section 2412(d)(1)(A) of Title 28, as amended, provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Plaintiff is ineligible for an award at this time because he is not yet a prevailing party.

Although no definition of "prevailing party" is provided in the statute, the legis-

lative history indicates that Congress intended to adopt the standards developed by courts under existing statutes. *See* H.R. Rep. No. 96–1418, 96th Cong.2d Sess. 21, *reprinted in* [1980] U.S.Code Cong. & Ad. News 4953, 4990. Thus, Congress intended that a plaintiff may be termed prevailing if he obtained a favorable settlement, prevailed on some issues, or obtained an interim order which was central to the case. In addition, a party prevailing on an interlocutory appeal sufficiently significant and discrete to be treated as a separate unit may be deemed prevailing even though he loses subsequently on the merits. *Id.*

None of these conditions apply here. The Court remanded the action for further proceedings consistent with the Superguide [1] procedures. The panel reviewing plaintiff's position found plaintiff fit within GS–16 classification but failed to compare his work situation with GS–16 employees. In these circumstances, the panel was required to compare his position with others which plaintiff alleged were substantially equivalent to his. *Jarecki v. United States,* 590 F.2d 670 (7th Cir.1979); *Haneke v. Secretary of Health, Education and Welfare,* 535 F.2d 1291 (D.C.Cir.1976). The Court did not decide the substantive merits of plaintiff's claim that OPM erred in not reclassifying him to GS–16, nor did it decide OPM erred in any of six other procedural ways claimed.

■ Plaintiff's success on the procedural point resulted in a remand to OPM for further consideration. A party who obtains nothing more than a remand for further consideration has not prevailed on the merits of his claim. *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (*per curiam*). In *Hanrahan,* the Supreme Court construed 42 U.S.C. § 1988, as amended, which also permits the award of attorney's fees only to a "prevailing party." The Court determined "that Congress intended to permit the interim award of counsel fees only when a party has prevailed on the *merits* of at least some of his claims." (Emphasis added.) *Id.,* at 758, 100 S.Ct. at 1989. Reversal of a directed ver-

dict and remand for further consideration was found not to support an award of attorney's fees. The District of Columbia Circuit reviewed the meaning of "prevailing party" in *Commissioners Court of Medina County, Texas v. United States,* 683 F.2d 435 (D.C.Cir.1982) (*Medina*). In that case, the plaintiff sought attorney's fees under the Voting Rights Act of 1965, 42 U.S.C. § 1973*l*(e) (Supp. III 1979). The court determined:

> Courts have developed a two-prong test to govern the [scope and proper focus of the "prevailing party"] inquiry: first, the party must have substantially received the relief sought, and, second, the lawsuit must have been a catalytic, necessary, or substantial factor in attaining the relief. (citations omitted)

*Id.,* at 440. The *Medina* court noted that the prevailing party inquiry "is generally the same for any type of case in which there has been no judgment on the merits." *Id.,* at 440 n. 6. Here, Dr. Baussus von Leutzow did not attain the relief he sought, *i.e.,* reversal of the OPM decision and promotion to GS–16. Nor has remand to OPM resulted in promotion to GS–16. He has not yet prevailed on the underlying merits of his claim. *See NLRB v. Doral Building Services, Inc.,* 666 F.2d 432 (9th Cir.1982).

■ Plaintiff presents three arguments to support his contention that he is a prevailing party. First, he contends that the Court's reversal of OPM's decision reinstated *nunc pro tunc* his former grade of GS–15 and set aside the Army's implementation of the OPM decision to reduce him to GS–14. Secondly, he alleges that one purpose of the lawsuit was to require his position be compared with others substantially equivalent to his, and he attained that comparison. Thirdly, he asserts that an award of attorney's fees for success on a procedural due process claim is proper here even though he did not prevail on his substantive complaint.

After this action was filed in March 1982, the Department of the Army retained plaintiff's pay scale and GS–15 grade level

1. *Guide for Appraisal of Scientific Positions*  *Proposed for GS–16, 17 and 18.*

through June 3, 1984. Thus, the remand did not confer a benefit which he did not already have at least until June 1984. Moreover, OPM remains free to reclassify the plaintiff in accordance with its procedures for review under 5 U.S.C. § 5112(a). Plaintiff is in the same position he had at the outset. When plaintiff began litigating the matter of his promotion, he was classified GS–15. Whether or not he pursues his appeal, he remains subject to OPM's authority under 5 U.S.C. § 5112(a) to change his grade when the facts warrant. In the context of this case, plaintiff has regained the status quo rather than prevailed.[2]

The Court agreed with plaintiff that the OPM panel should have compared plaintiff's qualifications with those of persons holding GS–16 positions; however, plaintiff unsuccessfully requested the court to hold a hearing and make the required comparison itself. His purpose was to attain reclassification by court order. In this he did not succeed.

Plaintiff's third argument, related to the second, is that success on the procedural point alone supports an award of fees. The central theme and quest of plaintiff's suit has been promotion to GS–16, not vindication of procedural rights through injunctive relief or damages. Defendant's contention that plaintiff is attempting to "announce himself the substantive victor by shrinking his goals to fit the dimensions of his narrow success" is well taken. This case is distinguishable from *Muscare v. Quinn,* 614 F.2d 577 (7th Cir.1980) on which the plaintiff relies. In *Muscare,* the plaintiff succeeded on a procedural due process claim that benefited others in similar circumstances, because the defendant changed its procedures as a result of the suit, and the plaintiff obtained damages. In contrast, plaintiff's success here resulted in no change in the procedural guidelines used by OPM, nor did plaintiff seek or obtain damages for a due process violation. It merely gave him one more chance to obtain promotion. *Ngou v.*

*Schweiker,* 535 F.Supp. 1214 (D.D.C.1982), also does not provide supporting authority for the plaintiff. In *Ngou,* plaintiffs' success in obtaining a restraining order was a substantial victory on a discrete aspect of the case which benefited members of the plaintiff class. By delaying implementation of a new regulation cutting off certain benefits, plaintiffs won a substantial sum of money and additional time to adjust before termination. Plaintiff's situation here is different. His classification appeal has been kept alive by the Court's remand but the relief sought by plaintiff, comparison and promotion to GS–16 by the Court, has not been conferred to any extent. There has been no substantial victory which benefited the plaintiff on his underlying claim. *Hanrahan v. Hampton, supra.*

Plaintiff's success on the merits has yet to be decided. If he should succeed in obtaining reclassification to GS–16 on remand in light of the comparison of qualifications, he will have then prevailed on the merits. *Hoska v. United States Dept. of the Army,* 694 F.2d 270 (D.C.Cir.1982); *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir.1977); *see Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348 (D.D.C.1982). Thus, this decision does not cut off plaintiff's right to attorney's fees should he later succeed on his underlying claim.

The Court finds plaintiff is not, at this time, a prevailing party under 28 U.S.C. § 2412. Accordingly, the Court need not reach whether or not the government's position was substantially justified, and the plaintiff's application for award of attorney's fees and costs is denied without prejudice.

---

**2.** "This case and its predecessor efforts are not a series of suits on the same subject matter but is one continuous effort to litigate a single problem to conclusion." *See* plaintiff's Memo-

randum of Points and Authorities in Support of Motion for Costs and Fees under 28 U.S.C. § 2412, p. 8.