HOANG HA, et al., Plaintiffs-Appellees,

v.

Richard SCHWEIKER, Secretary of the United States Department of Health and Human Services, Defendant-Appellant.

No. 82–4477.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1983.

Decided June 10, 1983.

Robert Rubin, Bay Area Immigrant & Refugee Rights Project, San Francisco, Cal., for plaintiffs-appellees.

Charles Ossola, Dept. of Justice, Washington, D.C., for defendant-appellant.

Before TRASK, SNEED, and FARRIS, Circuit Judges.

TRASK, Circuit Judge:

The Secretary appeals a district court order awarding appellees $20,530.29 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1980). The underlying class action, brought on behalf of refugees in California, sought to enjoin the implementation of a regulation under the Refugee Act of 1980, 8 U.S.C. §§ 1521 *et seq.* (Supp. IV 1980). The challenged regulation reduced the availability of federal benefits to refugees from 36 to 18 months.

Proposed Refugee Resettlement Program regulations were published for comment on December 11, 1981. 46 Fed.Reg. 60,629 (1981). The Secretary approved of the regulations on February 8, 1982. The final form of the regulations was published March 12, 1982, to become effective April 1, 1982. 47 Fed.Reg. 10,841 (1982) (codified at 45 C.F.R. § 400.62 (1982)). The district court granted the injunction because the final form of the regulation was not published at least 30 days in advance of its effective date as is required by section 553(d) of the Administrative Procedures Act. 5 U.S.C. § 553(d) (1976). The district court subsequently granted plaintiff's motion for attorney's fees because the position of the federal defendant was not "substantially justified," 541 F.Supp. 711.

## I

The relevant provision of the Equal Access to Justice Act (EAJA) reads as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

An award of attorney's fees under the EAJA is reviewed under the abuse of discretion standard. *Foster v. Tourtellotte,* 704 F.2d 1109 at 1110 (9th Cir.1983); *Knights of the K.K.K. v. East Baton Rouge Parish School Board,* 679 F.2d 64, 68–69 (5th Cir.1982); H.R.Conf.Rep. No. 96–1434, 96th Cong., 2d Sess. 23–24, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 5003, 5012–13. We conclude that the district court abused its discretion in determining the position of the United States was not "substantially justified."

## II

There appears to be a split among the circuits on whether the "position of the United States" which must be substantially justified is the underlying agency action or merely the position of the United States during litigation. The Fourth and Federal Circuits have held that the "position" refered to in section 2412 is the position taken by the government in court. *Tyler Business Services, Inc. v. NLRB,* 695 F.2d 73, 75 (4th Cir.1982); *Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d 1387, 1390–91 (Fed.Cir.1982). The Third Circuit has held that the definition of "position" includes the underlying agency action. *Natural Resources Defense Council, Inc. v. EPA,* 703 F.2d 700, 707 (3d Cir.1983). Given this split, perhaps the Fifth Circuit is correct in observing, "[n]either the Act nor the legislative history provides a conclusive answer as to whether the 'position' for which substantial justification must be shown is the United States' litigation position or the United States posture in its pretrial actions." *Knights of the K.K.K.,* 679 F.2d at 68.

The Third Circuit's concern with a litigation position interpretation is that:

[N]o matter how outrageously improper the agency action has been, and no matter how intransigently a wrong position has been maintained prior to the litigation, and no matter how often the same

agency repeats the offending conduct, the statute has no application, so long as employees of the Justice Department act reasonably when they appear before the court.

*Natural Resources Defense Council, Inc.,* 703 F.2d at 706–07. For practical purposes, the distinction between defining "position" as the litigation position or the underlying agency conduct makes little difference. Courtroom attempts to defend unreasonable agency actions usually will be unreasonable also. *Citizens Coalition For Block Grant Compliance v. City of Euclid,* 537 F.Supp. 422, 426 (N.D.Ohio 1982).

 While there is disagreement among the circuits on the meaning of "position of the United States", the circuits agree upon the definition of "substantially justified." The test for whether the government's position is substantially justified is essentially one of reasonableness. *Foster v. Tourtellotte,* at 1111, (9th Cir. 1983); *Natural Resources Defense Council,* 703 F.2d at 707; *Tyler Business Services,* 695 F.2d at 75; *Broad Avenue Laundry and Tailoring,* 693 F.2d at 1391; *Knights of the Ku Klux Klan,* 679 F.2d at 68; S.Rep. No. 253, 96th Cong., 1st Sess. 6 (1979); H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4989. The government need not win the case to show that its position is substantially justified; it must show its case had a reasonable basis both in law and in fact. *Tyler Business Services,* 695 F.2d at 75; H.R.Rep. No. 1418, 96th Cong., 2d Sess. at 10, 14, *reprinted in* U.S.Code Cong. & Ad. News 4984, 4989, 4993. The Secretary's position in this case was reasonable.

### III

 The major factor the district court relied upon in finding that the position of the government was not substantially justified was that there was a judgment against the government in a prior similar suit. A class action virtually identical to the one filed in this case had previously been decided against the government. *Ngou v. Schweiker,* 535 F.Supp. 1214 (D.D.C.1982).

Previously decided cases are surely a factor to consider in determining if the government's position is reasonable. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. and Ad.News, pp. 4989–90. Such decisions should not be conclusive, however, as the various circuits may have different interpretations of the positions the government advocates. The more often an issue is decided against the government the more unreasonable advancing such a claim again will be. We need not decide if pressing a claim following an adverse decision in one district court is unreasonable in this case, however, as the government advanced a claim in this case which was not advanced in *Ngou.* The new claim the government advanced was reasonable.

The government contended that the Secretary's noncompliance with section 553(d) was not material because the refugees had a reasonable time to prepare before the rule became effective. They argue that the 20 days notice provided between the publication of the interim final rule and its effective date, as well as publication of the proposed rule in December, satisfied the congressional concern underlying the notification period. At the hearing on the merits the government cited *Daniel International Corp. v. Occupational Safety & Health Review Comm'n,* 656 F.2d 925, 930–31 (4th Cir.1981), and *British American Commodity Options Corp. v. Bagley,* 552 F.2d 482, 488–89 (2d Cir.1977) *cert. denied,* 434 U.S. 938, 98 S.Ct. 427, 54 L.Ed.2d 297 (1977), for the proposition that the plaintiffs could not challenge the accelerated effective date when they could not demonstrate prejudice. Although the district court ultimately found this argument unpersuasive it advanced "a novel but credible extension or interpretation of the law" in this area. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, 14, *reprinted in* 1980 U.S.Code Cong. & Ad. News, pp. 4984, 4990, 4993. *See Foster v. Tourtellotte,* at 1111 *(quoting S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n,* 672 F.2d 426, 431 (5th Cir.1982)).*

As the government's position was substantially justified, the district court's award of attorney's fees is reversed.