**Don WOLVERTON, Plaintiff-Appellee,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellant.**

**No. 82–3590.**

United States Court of Appeals, Ninth Circuit.

Argued Aug. 1, 1983.

Submitted Sept. 8, 1983.

Reassigned Jan. 31, 1984.

Decided Feb. 24, 1984.

Nick Chenoweth, Orofino, Idaho, for plaintiff-appellee.

William Kanter, Asst. U.S. Atty., Washington, D.C., for defendant-appellant.

Before WRIGHT, SKOPIL, and POOLE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The Secretary of Health and Human Services appeals an award of attorneys' fees under the Equal Access to Justice Act (EAJA), Pub.L. No. 96–481, Title II, 94 Stat. 2325 (1980). The issues are (1) whether a Social Security Act fees provision precludes application of the EAJA, (2) whether fees generated before the EAJA's effective

date are compensable, and (3) whether the Secretary's position in this case has been substantially justified.

FACTS

Wolverton, a 57-year-old construction electrician, contends that because of an automobile accident he was totally disabled as of December 31, 1976. His disability claim filed with the Social Security Administration was denied by an administrative law judge (ALJ). The agency Appeals Council upheld that decision.

Wolverton challenged the administrative decision in district court and it was reversed and remanded for rehearing. The district court held that the ALJ applied incorrect legal standards or the decision was not based on substantial evidence.

On remand, the ALJ requested that Wolverton undergo further medical and psychological examinations, at government expense. He refused. The ALJ denied the claim for benefits, finding that Wolverton could not resume his former employment but had the residual capacity to perform other light work.

The district court reversed again. Without mentioning Wolverton's refusal to submit to further examinations, the court held that no evidence in the record supported the finding of residual capacity.

Wolverton petitioned the court for an award of attorneys' fees, costs, and expenses pursuant to the EAJA. 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1980). The court refused to award fees and expenses incurred in the administrative proceedings. It did award costs, expenses, and attorneys' fees incurred in the two proceedings before the court, finding that the Secretary's position was not substantially justified.

## I. THE EAJA AND SOCIAL SECURITY BENEFITS CASES

The Social Security Act, section 406(b), provides that a court may award attorneys' fees in a civil action brought to recover past-due benefits under Title II of that Act. 42 U.S.C. § 406(b)(1). The stated purpose of the provision is to protect Social Security claimants from "inordinately large fees" demanded by attorneys. S.Rep. No. 404, 89th Cong., 1st Sess., reprinted in 1965 U.S.Code Cong. & Ad.News 1943, 2062. The maximum amount awardable is 25 percent of the total past-due benefits. 42 U.S.C. § 406(b)(1). The fees are payable "out of, and not in addition to" the award of benefits. Id.

The EAJA was enacted to reduce the chance that "the expense involved in securing the vindication of ... rights" would deter "defen[se] against unreasonable governmental action." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, reprinted in 1980 U.S. Code Cong. & Ad.News 4984, 4984. To do so it shifts the burden of the prevailing party's attorneys' fees and expenses onto the government under some circumstances. The EAJA provides that "[e]xcept as otherwise specifically provided by statute," a court may award fees and expenses to a party prevailing against the United States in a civil action. 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1980).

The Secretary contends that section 406(b) of the Social Security Act is a statute that "otherwise specifically provides" for attorneys' fees, precluding any award under the EAJA. We disagree. The EAJA provides for shifting the burden of attorneys' fees from the private litigant to the government. The Social Security Act does not provide for fee shifting. It specifies only a limitation on the amount that a claimant must pay toward lawyers' fees.

Section 406(b) of the Social Security Act does not "specifically provide" for an award of attorneys' fees to be paid by the United States to a party prevailing against it. Section 406(b) does not preclude application of the EAJA's fee shifting provisions in Social Security Act cases.

## II. WORK PERFORMED BEFORE THE EFFECTIVE DATE OF THE EAJA

The Secretary contends that the waiver of sovereign immunity in the EAJA does not apply to fees that accrued before the effective date of the Act, October 1,

1981. Pub.L. No. 96–481, § 208, 94 Stat. 2330 (1980). This circuit has concluded that the plain meaning of the EAJA allows recovery of fees incurred prior to October 1, 1981, as long as the action was pending on that date. *Rawlings v. Heckler,* 725 F.2d 1192, 1194 (9th Cir.1984).

## III. SUBSTANTIAL JUSTIFICATION FOR THE SECRETARY'S POSITION

■ The EAJA provides for awards of fees and expenses to parties prevailing against the United States unless the Government's position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1980). An adverse decision on the merits does not foreclose a finding of substantial justification. *Foster v. Tourtellotte,* 704 F.2d 1109, 1112 (9th Cir.1983). The essential issue is the reasonableness of the government's position. *Id.*

The position evaluated is not the litigation position only, but the "totality of the circumstances prelitigation and during trial." *Rawlings,* at 1196. The justification for the Secretary's position here has changed, perhaps significantly, during the course of this dispute.

This fee award is for services provided in the course of two proceedings before the district court. It found that the Secretary's position was without substantial justification because there was "*no evidence in the record* supporting [the ALJ's] finding of residual capacity." (Emphasis in original).

■ With respect to the first district court proceeding, the finding of no substantial justification was not an abuse of discretion. As the dissent points out, all objective medical *tests* supported the ALJ's decision. However, "the same reports of the examining physicians unanimously acknowledge the existence of pain, vertigo, dizziness, and headaches." E/R at 24. The ALJ was not reversed for improper balancing, but because there was no evidence contradicting the medical experts' unanimous finding of disability.

After the case was remanded to the Secretary for rehearing, the ALJ sought additional evidence concerning Wolverton's residual capacity to work. The judge asked that Wolverton submit to further medical and psychological examinations, at government expense. *See* 20 C.F.R. §§ 404.-1517–.1518. He refused. The lack of evidence of residual capacity at the second administrative hearing may be, at least partially, Wolverton's responsibility.

We cannot determine from the record before us whether the Secretary's position was substantially justified at the time of the second district court proceeding. To establish substantial justification, the Government "must show its case had a reasonable basis both in law and in fact." *Hoang Ha v. Schweiker,* 707 F.2d 1104,.1106 (9th Cir.1983) (citations omitted).

■ The Secretary's position throughout the long course of this dispute must be considered. To decide whether Wolverton's refusal to submit to the additional examinations transformed the government's position into a reasonable one, the court should consider all surrounding circumstances.

It was the ALJ's dissatisfaction with the record, not the government's, that prompted the request for further examinations. What were the purposes and importance of the examinations? Would they have duplicated information already available, or produced additional information material to the residual capacity issue? Was the information sought reasonably available from other sources?

We reverse the award of attorneys' fees, costs, and expenses and remand. Fees, costs, and expenses attributable to the first district court proceeding should be awarded. Some costs attributable to administrative proceedings may have been awarded inadvertently. The parties agree that those should be excluded. The court should award fees for the second district court proceeding only if it finds that, in light of Wolverton's refusal to submit to further examinations, the Secretary's position still was not substantially justified.

Wolverton's petition for attorneys' fees and costs on appeal is denied. The appeal

presented questions of first impression in this circuit. The Secretary's position here was substantially justified.

The judgment is reversed in part and remanded. The parties will bear their own costs on this appeal.

POOLE, Circuit Judge, concurring and dissenting:

I agree with the majority opinion's holding that the Equal Access to Justice Act applies to Social Security appeals, but disagree with its application of the Act to the present case.

In particular, I do not believe that the district court properly awarded attorney's fees for either of Wolverton's two appeals to the district court. As the district court and the majority here acknowledge, all available objective medical tests supported the ALJ's initial decision to deny disability payments to Wolverton. The ALJ found that testimony concerning the severity and frequency of Wolverton's headaches and dizziness was "not convincing," and concluded that his impairments were not "of such severity as to preclude his engaging in substantial gainful activity." The district court's decision that objective medical evidence alone was insufficient to support the ALJ's decision has not been appealed and is not subject to review here. Regardless of the correctness of that decision, however, the Government's conduct was reasonable. I believe that the district court abused its discretion by finding that the Government's defense of the initial appeal to the district court, where the ALJ's decision in favor of the Government was supported by objective medical evidence, lacked substantial justification.

As for the fees for the second appeal, the majority opinion delicately suggests that the absence of additional evidence "may be, at least partially, Wolverton's responsibility." *Supra,* at 583. This understates the case. Wolverton's refusal to submit to additional tests, to be provided at government expense, was directly responsible for the lack of new evidence. Having refused these tests, Wolverton should not be al-lowed to take advantage of the uncertainty created by his own non-cooperation.

I believe it unnecessary to remand this case to the district court for determination whether that additional information sought by the ALJ was material to the residual capacity issue. Appellee Wolverton has never suggested that the tests were immaterial, nor has he offered any legitimate reason why he refused to take them. Moreover, the reason for the ALJ's request for additional medical tests is plain from the record before us, and requires no remand. Finally, remand is unnecessary because, in the peculiar procedural position of this case, we are not directly concerned with the correctness of the ALJ's decision. Rather, we need only determine whether the Government was substantially justified in defending the decision on appeal to the district court. Where a party refuses to provide information requested by an administrative law judge, the Government should be able to assume that the information was requested in good faith and for a purpose material to the issues before the agency, absent some showing to the contrary. In a case such as the present, the Government should be considered substantially justified in defending a decision in its favor against the party withholding information.