**UNITED STATES of America, Plaintiff,**

**v.**

**0.51 ACRE OF LAND, MORE OR LESS, IN the COUNTY OF STEVENS, STATE OF WASHINGTON; George M. Cranston, et ux., et al., Defendants.**

**No. C–83–521–JLQ.**

United States District Court,
E.D. Washington.

Sept. 4, 1984.

---

**9.** *Short v. Oklahoma Farmers Union Ins. Co.,*  619 P.2d 588, 590 (Okla.1980).

Robert M. Sweeney, Asst. U.S. Atty., Spokane, Wash., for plaintiff.

Edward Shaw, Spokane, Wash., for defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES

QUACKENBUSH, District Judge.

This matter came on regularly for hearing at 10:30 A.M., August 27, 1984, in Spokane, Washington, on Defendants' Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Plaintiff was represented by Assistant United States Attorney Robert M. Sweeney; defendants were represented by Edward Shaw.

This proceeding involved a condemnation action by the United States to acquire approximately 0.51 acre of land for erosion control purposes. The initial deposit of $1800.00 by Plaintiff occurred on July 27, 1983. On April 19, 1984 the government made an offer of $7500.00 plus an easement in defendants' favor across abutting government property. The offer was conveyed and rejected by defendants. Following the unsuccessful settlement negotiations, jury trial was held commencing June 11, 1984 which resulted in a jury award of $6100.00. The government's appraiser, Emmett Newell, testified that just compensation for the taking would be $2878.00, while the landowners and their appraiser, Donald Pratt, testified that just compensation would range between $14,000.00 and $18,000.00.

■ The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The Ninth Circuit has established that the EAJA applies in land condemnation cases. *United States v. 101.80 Acres of Land*, 716 F.2d 714 (9th Cir.1983).

The jury verdict of $6100.00 establishes that the defendants were the prevailing parties in this action. Under *101.80 Acres of Land*, the landowner is the prevailing party when, as here, the government's ability to take the property is not actively litigated and the just compensation award "substantially exceeds the deposit." *Id.* at 726. The deposit in this case of $1,800 was 29.5% of the $6100.00 award.

■ The issue remaining is whether the government's position was "substantially justified." The fact that the government lost the case does not raise a presumption that its position was not substantially justified. *Foster v. Tourtellotte*, 704 F.2d 1109, 1112 (9th Cir.1983); *United States v. First National Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir.1984). The government has the burden to show "that its case had a reasonable basis both in law and in fact." *Southern Oregon Citizens Against Toxic Sprays, Inc. v. Clark*, 720 F.2d 1475, 1481 (9th Cir.1983).

■ Inquiry into the negotiation aspect of the case would seem appropriate in light of the fact that the test relating to substantial justification is one of "reasonableness." *Hoang Ha v. Schweiker*, 707 F.2d 1104, 1106 (9th Cir.1983). Moreover, a recent Ninth Circuit decision found that the position of the government is to be determined by the "totality of the circumstances prelitigation and during trial." *Rawlings v. Heckler*, 725 F.2d 1192 (9th Cir.1984).

■ The court finds that the government's original offer of $1800.00 was unreasonable in light of the ultimate award. Although the April 19, 1984, offer of $7500.00 by plaintiff was not written, the offer was in fact made and was rejected by defendants. The rejected offer represents an alteration of the government's prelitigation position which made plaintiff's position from and after that date reasonable in law and fact. Accordingly, defendants are only entitled to attorney fees for fees and costs

incurred prior to the date of the $7,500 offer, to wit: April 19, 1984.

The time spent by Mr. Shaw prior to April 19, 1984, as set forth in his affidavit (Ct.Rec. 64), was reasonable and necessary for the preparation of this action. Based on Mr. Shaw's oral representation that he discussed the legal issues and obtained the executed Petition for Advance Compensation, the court rejects plaintiff's contention that the fees incurred on January 23, 1984, were unreasonable. In making this determination the court has considered the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 90 (9th Cir.1975).

Based on the foregoing, defendants are entitled to attorney fees in the amount of $1128.13, based on the negotiated fee agreement setting forth a fee schedule of $50.00–$85.00. The $85.00 rate has been reduced to $83.25, which reflects the maximum hourly rate after a calculation of the consumer price index increase.

IT IS SO ORDERED. The Clerk is directed to enter this Order and forward copies to counsel.