Marisol MONTERO, Candelaria Garcia, Elvira Magallanes, Lucia Solis De Garcia, Jose Gallegos, Monica Gallegos, and Engracia Gallegos, Petitioners-Appellees,

v.

David N. ILCHERT, District Director of the U.S. Immigration and Naturalization Service, Respondent-Appellant.

No. 84–2655.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 1985.

Decided Jan. 10, 1986.

---

Marc Van Der Hout, Law Offices of Marc Van Der Hout, San Francisco, Cal., for petitioners-appellees.

Wendy Keats, Atty., U.S. Dept. of Justice, Appellate Staff, Washington, D.C., for respondent-appellant.

Before SNEED, SCHROEDER, and BRUNETTI, Circuit Judges.

SNEED, Circuit Judge:

The district director of the Immigration and Naturalization Service (INS) appeals from the district court's grant of a writ of habeas corpus and from an award of attorney's fees under the Equal Access to Justice Act (EAJA). The habeas corpus appeal is now moot, but the appeal from the award of attorney's fees remains before us. We reverse the district court's grant of fees.

## I.

### FACTS

This case arose from the deportation proceedings of seven aliens detained by the INS during a factory survey in San Jose in May 1983. The facts of Montero's case are characteristic of the situation of all the petitioners. Thus, we will employ the singular in our discussion of the case. She initially refused to answer any of the INS agent's questions and asked to talk to her attorney. This request was refused; she was told that she could speak to a lawyer only after the INS had transported her to a detention center in San Francisco. At that point, Montero answered the agent's questions, admitting her alienage and illegal entry.

Montero posted bond and was released. With several fellow employees, she attended a meeting held by an attorney in San Jose. The attorney, without individual consultation with the employees, promised to challenge the illegal INS activities. He did not disclose the legal theory under which he would challenge them. The attorney took Montero's name, address, phone number, and hearing date.

Montero did not hear from the attorney again until the day of the hearing. Immediately before the hearing, the attorney met privately with the Immigration Judge and apparently reached an agreement on the disposition of the case—Montero would concede deportability and waive her rights of appeal in exchange for an extended (five-month) period of voluntary departure. When the attorney presented this resolution to Montero, he told Montero she would lose her job if she did not accept the agreement. Nevertheless, Montero asked the attorney to challenge the INS actions. The attorney refused and Montero acquiesced. The deportation hearing proceeded as agreed, with Montero conceding deportability and receiving a right of voluntary departure until December 31, 1983 (which was extended subsequently to January 20, 1984).

On January 23, 1984, Montero filed a motion to reopen her deportation proceeding alleging that because her attorney had not assisted her effectively, the deportation hearing had been fundamentally unfair.

Montero was directed to report for deportation on January 31, 1984. She timely filed a request to stay deportation while her motion to reopen was pending. The Immigration Judge and the District Director denied this motion; the Board of Immigration Appeals indicated it would not rule on the stay request until February 1 (after the scheduled date of deportation).

Montero then filed in the district court a petition for a writ of habeas corpus. That court granted the writ, staying deportation pending resolution of the motion to reopen.

Pursuant to the EAJA, the court also awarded attorney's fees to Montero's attorneys. Because the motion to reopen has now been adjudicated and an appeal from its denial is pending in this court, the habeas corpus appeal is now moot. Only the district court's award of attorney's fees remains before us.

## II.

### ATTORNEY'S FEES

The Equal Access to Justice Act provides: "[A] court shall award ... fees and other expenses ... in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (1982).

The INS first argues that fees are not available in this case because a habeas proceeding is not a civil action. *Cf. Boudin v. Thomas*, 732 F.2d 1107, 1111–15 (2d Cir.1984) (holding that a habeas corpus challenge to a criminal proceeding is not a civil action within the meaning of the EAJA). In at least some circumstances, this circuit has held that the EAJA applies to habeas corpus actions arising out of immigration proceedings. *See In re Hill*, 775 F.2d 1037 (9th Cir.1985). Because we hold that the government was substantially justified, we need not address this question on the facts of this case.

■ The district court's decision to award fees is reviewed under the abuse of discretion standard. *See United States v. First National Bank*, 732 F.2d 1444, 1447 (9th Cir.1984); *Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir.1984); *Hoang Ha v. Schweiker*, 707 F.2d 1104, 1105 (9th Cir. 1983). This is a formidable burden, but it is not insurmountable. In fact, it was carried in two of the cases cited above. *See First National Bank* (remanding, with instructions to district court to justify its award); *Hoang Ha* (reversing). The burden will be met here if we conclude that there existed strong reasons for the INS to attempt to deport the appellant. We think such reasons existed.

■ Although Montero's claims were a bit muddled in their presentation before the district court and, to some extent, in their presentation to us, it is likely that they have their roots in the Fourth and Fifth Amendments. The Fourth Amendment presumably would render constitutionally illegitimate the factory survey, while the Fifth perhaps would render infirm the government's questioning of her following her request for a lawyer. Or perhaps it is the cumulative weight of both claims that renders the evidence of her alienage properly suppressible. The basis for a Fourth Amendment claim is questionable in view of *INS v. Delgado*, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984), and we know of no case that has accepted a version of Montero's Fifth, or Fourth-Fifth, Amendment arguments.

Under these circumstances, the decision to resist these claims was substantially justified. Not to so recognize that fact was an abuse of discretion.

The refusal to grant a stay of deportation presents a closer issue. If the district court had not intervened, Montero would have been deported. However, to this day it is not clear that Montero should not be deported. She has not presented any substantive claim entitling her to remain in this country. At best, her claim is that she be permitted to remain while her claims with respect to INS procedures are litigated. This is not a posture that renders the INS's refusal to grant a stay the least bit culpable or blameworthy.

Moreover, this conclusion is strengthened by the vast enforcement burdens of the INS and the extent to which these burdens are increased by motions to reopen that are filed at the latest possible moment before deportation. Such motions are designed to place the plea to withhold deportation in its most appealing light. While this tactic is clearly legitimate, it by no means follows that the INS must yield or

pay the fees of the attorney of the alien who filed the motion to stay.

It is true, of course, that the timing of the stay motion does not justify indiscriminate rejection; to some degree, however, it does excuse cursory review. Even in these circumstances, the Immigration Judge wrote a four-page decision detailing the legal grounds for his rejection of Montero's claim. We think this denial was substantially justified and that the failure to so recognize it was an abuse of discretion.

The decision below, to the extent that it is not moot, is reversed.

REVERSED.

SCHROEDER, Circuit Judge, specially concurring:

I concur in the result. The only issue we need to decide is whether the government was substantially justified in its opposition to the petitioners' request for stays of deportation. Given the confusion at the time of the application concerning the nature of the record in the deportation case, the opposition must be considered substantially justified.