**David CONFORTI, Plaintiff,**

v.

**Margaret HECKLER, Defendant.**

**No. C–81–1397 RHS.**

United States District Court,
N.D. California.

Dec. 12, 1984.

Kim Malcheski, Malcheski, Parker & Randolph, San Francisco, Cal., for plaintiff.

Jeffrey L. Bornstein, Asst. U.S. Atty., Dept. of Justice, San Francisco, Cal., for defendant.

## ORDER

SCHNACKE, District Judge.

Under submission in this civil action are certain motions by plaintiff. The complaint challenges defendant Secretary of Health and Human Services' denial, through the Social Security Administration (hereinafter, "SSA"), of plaintiff's claim for Social Security disability benefits. The explanation for that denial is contained in the October 1980 written opinion of an Administrative Law Judge (hereinafter, "ALJ"), which opinion was issued after an August 1980 hearing before the ALJ.

On April 3, 1981, the complaint was filed. On May 4, 1982, this Court issued an order: (a) denying the parties' motions for summary judgment; and (b) granting plaintiff's motion to remand this action to defendant's SSA. On January 31, 1984, the SSA's Appeals Council issued a written opinion determining that plaintiff is entitled to Social Security disability benefits.

On May 31, 1984, plaintiff filed motions: (a) to require defendant to file the post-remand record or, alternatively, for entry of judgment; and (b) for attorney's fees and other expenses.

On August 2, 1984: (a) this Court issued an order giving defendant until August 3, 1984 to file a brief opposing plaintiff's motions; and (b) defendant filed a brief opposing plaintiff's motion for attorney's fees and other expenses.

On Friday, November 30, 1984, there was entered a judgment: (a) reversing, in accordance with the Appeals Council's opinion, defendant's denial of plaintiff's claim for Social Security disability benefits; and (b) indicating that plaintiff's motion for attorney's fees and other expenses will be the subject of a separate order.

In view of the entry of judgment, this Court hereby denies plaintiff's motions: (a) to require defendant to file the post-remand record; and (b) for entry of judgment.

Plaintiff's motion for attorney's fees and other expenses is made pursuant to the Equal Access to Justice Act (hereinafter, "EAJA"). Because an EAJA motion is to be made *after* entry of judgment [see 28 U.S.C. § 2412(d) ], this Court hereby deems the motion for attorney's fees and other expenses to have been filed Monday, December 3, 1984, the first business day after entry of judgment.

Defendant has not disagreed with the proposition that, in the period since plaintiff's January 22, 1980 myocardial infarction, plaintiff has been unable to perform his past relevant work as a construction carpenter, because of medically-determinable impairments which have lasted, or can be expected to last, for a continuous period of at least 12 months. Thus, defendant has had the burden of showing plaintiff's ability—in view of such factors as plaintiff's mental and physical condition, his age, his education, and his work experience—to engage, in the period since January 22, 1980, in substantial gainful work, other than that of construction carpenter, which exists in the national economy [see 42 U.S.C. § 423(d)(1)–(3); *Hall v. HEW Secretary,* 602 F.2d 1372, 1375–1377 (9th Cir.1979)].

At all relevant times, the parties have agreed that plaintiff: (a) was born in 1924; (b) has a high-school education; and (c) has skilled or semiskilled work experience. Furthermore, defendant has pointed to no evidence that plaintiff's high-school education provides for direct entry into skilled work. And defendant has not disagreed substantially with the proposition that, in the period since January 22, 1980, plaintiff's medically-determinable impairments have precluded him from performing work that is not light or sedentary.

Defendant's SSA has published a table containing rules on whether or not someone is disabled, if his medically-determinable impairments are consistent with his performing light, but not more strenuous, work. In view of plaintiff's aforementioned age, education, and work experience, the only such rules potentially applicable to plaintiff would be 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 2, Rules 202.06, 202.07. However, Rule 202.07, which points to a finding of non-disability, is applicable only if plaintiff's skills are readily transferable to a significant range of semiskilled or skilled light work [20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.00(c); see also 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00(f)].

Defendant's brief in opposition to the motion for attorney's fees and other expenses states that, at the hearing before the ALJ, a "vocational expert testified that plaintiff's skills were readily transferable to light work." However, defendant's brief: (a) does not state that the vocational expert testified that plaintiff's skills are readily transferable to a significant range of semiskilled or skilled light work; (b) does not refer at all to the Appeals Council's statement that the vocational-expert testimony does not establish that plaintiff's skills are transferable to a significant range of semiskilled or skilled light jobs.

Therefore, defendant has not shown that applying Rule 202.07 is reasonable. That leaves only Rule 202.06, which points to a finding of disability. And while there is vocational-expert testimony as to light or sedentary jobs that plaintiff allegedly could perform, defendant does not explain why it is reasonable for defendant to rely on such testimony to show non-disability, where the proper application of defendant's own SSA rules table shows plaintiff to be disabled.

In sum, defendant has not shown that a finding of non-disability has a reasonable basis in law and in fact. This Court hereby: (a) declines to find that defendant's position, which favors a finding of non-disability, has been substantially justified either before or after commencement of this action; (b) declines to find that special circumstances make an award of attorney's fees and other expenses unjust; and (c) thus rules that plaintiff is entitled to such an award [see 28 U.S.C. § 2412(d)(1)(A); *Wolverton v. Heckler,* 726 F.2d 580, 583 (9th Cir.1984); *Rawlings v. Heckler,* 725 F.2d 1192, 1195–1196 (9th Cir.1984)].

Plaintiff has been somewhat unclear as to the precise amount of attorney's fees and other expenses being requested. However, on the last page of plaintiff's brief in reply to defendant's brief opposing the motion for attorney's fees and other expenses, plaintiff requests, pursuant to EAJA: (a) $3375 attorney's fees, which is the product of 45 hours and $75/hour; and (b) $610 other expenses. Defendant has filed a cer-

578

tificate in reply to plaintiff's reply brief. But in neither that certificate nor any other document does defendant deal with the question of how much EAJA relief plaintiff should receive, *if* plaintiff should receive any EAJA relief at all.

In view of defendant's failure to address that question, this Court hereby: (a) deems $3375 attorney's fees and $610 other expenses to be appropriate amounts of EAJA relief for plaintiff; and (b) awards these amounts to plaintiff. Plaintiff need not comply, beyond his past degree of compliance, with U.S.Dist.Ct., N.D.Cal., Local Rule 270. That rule, which deals with applications for attorney's fees, is not cited in defendant's papers opposing the motion for attorney's fees and other expenses.