**Willie T. FRACTION, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

**No. 85–1696.**

United States Court of Appeals, Eighth Circuit.

Oct. 12, 1988.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and MURPHY,* District Judge.

ORDER

Pending before the court is an application for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for work performed in connection with the successful appeal of a district court order that affirmed the denial of disability benefits. For the reasons discussed below, we grant the application and award attorney's fees in the amount of $3,431.25 for work performed in connection with the appeal.

In 1986 this court reversed and remanded the case to the Secretary of the Department of Health and Human Services (hereinafter the Secretary) for further proceedings. *Fraction v. Bowen*, 787 F.2d 451 (8th Cir.1986). On remand the Secretary found the claimant, Willie T. Fraction, was entitled to disability benefits.

Subsequently, the district court awarded counsel attorney's fees in the amount of $6,150 under the Social Security Act for work performed before the district court. *Fraction v. Bowen*, No. LR–C–84–136 (E.D.Ark. May 12, 1987) (order) (61.5 hours at $100 per hour). The Secretary then paid counsel the statutory maximum 25% of past-due benefits ($5,794.47). Counsel has also sought an award of attorney's fees under the EAJA for work performed in the district court. In June 1988 the district court determined that the position of the government was not substantially justified and awarded attorney's fees under the EAJA in the amount of $4,612.50 for work performed in the district court. *Fraction v. Bowen*, No. LR–C–84–136 (E.D.Ark. June 30, 1988) (EAJA order) (61.5 hours at EAJA rate of $75 per hour).

* The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation.

Counsel has applied for an award of attorney's fees under the EAJA for work performed in connection with the appeal.[1] Counsel sought an award of $3,431.25 (45.75 hours at the EAJA rate of $75 per hour). Counsel claimed 38.75 hours for work performed in connection with the appeal and 4.25 hours for preparation of the application for attorney's fees. Counsel later amended his application to include 2.75 hours for preparation of the reply to the government's response. In its response, the government argued that the position of the government was substantially justified and therefore no award under the EAJA was appropriate. The government did not challenge the reasonableness of the hours claimed by counsel.

We have carefully reviewed the district court's EAJA order and we agree with the district court that the position of the government was not substantially justified. The government argues that its position had a reasonable basis in law and fact because the evidence in the record was conflicting. We agree that the evidence in the record was conflicting. However, the basis for reversal and remand was the government's failure, contrary to clearly established circuit precedent, to evaluate all the evidence concerning the claimant's subjective complaints of non-exertional impairments and to fully develop the record. The government's position was consistent at the administrative level and in the district court and on appeal.

Accordingly, we grant the application and award attorney's fees in the amount of $3,431.25 under the EAJA for work performed in the connection with the appeal (45.75 hours at $75 per hour).[2]

---

1. The application initially also sought attorney's fees under the Social Security Act, but counsel subsequently withdrew that part of the application.

2. According to our calculations, counsel will receive a total award of $9,225.72, for work performed in the district court ($5,794.47) and on appeal ($3,431.25). Counsel would refund the amount of the EAJA award for work performed in the district court ($4,612.50) to the claimant and retain the amount of the award under the Social Security Act ($5,794.47 or 25% of past-due benefits, an amount greater than the EAJA award). As a net result, the claimant in effect receives more of his past-due benefits and ends up "paying" only $1,181.97 in attorney's fees (the difference between the Social Security Act attorney's fees award of $5,794.47 and the EAJA award of $4,612.50).