Marlene **WILLIAMS,**
Plaintiff–Appellant,

v.

Otis R. **BOWEN,** Secretary of Health
and Human Services,
Defendant–Appellee.

Nos. 89–55595, 89–55856.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 1991.*

Decided May 30, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

John Ohanian, Los Angeles, Cal., for plaintiff-appellant.

Michael R. Power, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before BOOCHEVER, HALL and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Marlene Williams appeals the district court's denial of her motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). She filed applications for disability insurance benefits and supplemental security income benefits in April 1982, claiming that she had been unable to work since March 18, 1982 due to high blood pressure, heart trouble, poor vision, and a past history of mental breakdowns. The Secretary denied her applications. Williams appealed and we remanded in light of *Yuckert v. Heckler*, 774 F.2d 1365 (9th Cir.1985),[1] which invalidated the severity regulations upon which the Secretary had relied. On remand, the Secretary again denied benefits and the district court remanded again because the Secretary had not properly considered Williams's mental condition in evaluating whether she could resume work, improperly weighed medical evidence and selectively disregarded her testimony without adequate credibility findings. After considering additional evidence, the Secretary granted benefits for the closed period for which Williams had applied. The district court found that her case should be analyzed in two phases: the first, covering the period through the Ninth Circuit remand and the second, the period thereafter. We affirm.

We review the district court's decision that the government's position was substantially justified for abuse of discretion. *Pirus v. Bowen*, 869 F.2d 536, 539–40 (9th Cir.1989). The district court abuses its discretion when its "decision is based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988) (quoting *Petition of Hill*, 775 F.2d 1037, 1040 (9th Cir.1985)). Review is limited to "assuring that the district court's determination has a basis in reason." *Pirus*, 869 F.2d at 540.

■ We cannot say that there was no basis in reason for the district court's decision. On appeal from the Secretary's original determination, the district court had ruled that that determination was supported by substantial evidence; the appeal concerned only the applicability of the severe impairment regulation. Although there was evidence of mental impairment, one of Williams's physicians, Dr. Baron, found that Williams's flattened affect was not grossly out of the range of normality

---

1. This court's decision in *Yuckert* was subsequently reversed by the Supreme Court. *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

and diagnosed her schizophrenic reaction as in remission, noting that Williams had been symptom-free for the past three years due to medication. Given the Supreme Court's reversal of the Ninth Circuit's decision remanding the first time, the district court cannot be said to have abused its discretion in concluding that the remand is not a basis for awarding fees.

When Williams appealed the Secretary's second determination, made after the Ninth Circuit remand, the case was again remanded by the district court, but for failure properly to weigh conflicting evidence and make credibility findings. As before, some evidence supported the Secretary's position. While there was clear evidence of a serious mental condition in the past, and the psychiatric evidence showed a serious mental impairment, the evidence was conflicting with respect to its current impact on Williams's inability to work. It cannot be said that the district court lacked any basis for concluding that the Secretary's position was reasonable: Williams's psychiatric evidence, even though not challenged, was somewhat ambiguous; the focus of the proceedings was not entirely on mental condition, rather it was also on physical disabilities as to which the medical testimony was not dispositive. At the last supplemental hearing, additional testimony was taken and the claimant submitted additional evidence. More lenient mental impairment criteria which became effective October 9, 1984 changed the Secretary's evaluation of Williams's principal impairment, chronic schizophrenia.[2] The district court therefore did not lack any basis for concluding that the Secretary's new determination of disability, based in part on new evidence and in consideration of new criteria, was not reasonable.

AFFIRMED.

BOOCHEVER, Circuit Judge, dissenting in part:

I agree with the majority's finding that the Secretary's position was substantially justified through the initial remand by our court. I believe, however, that the district court abused its discretion in holding that the Secretary was substantially justified when, after the remand, he again denied benefits. The district court remanded this second denial because "the Secretary had not properly considered [Williams's] mental condition in determining that she could resume work, improperly weighed medical evidence and selectively disregarded [her] testimony without adequate credibility findings." The majority does not conclude that those findings were clearly erroneous, yet holds that the Secretary's position was substantially justified.

I do not believe that the Secretary was justified in failing to properly consider Williams's mental condition. All of the psychiatric evidence indicated an inability to work during the closed period. Specifically, the mental condition evidence referred to by the Magistrate consisted of reports by Williams's treating psychiatrist, Dr. Toney, and the only other psychiatric examiner, Dr. Baron. Both doctors diagnosed Williams as schizophrenic. Dr. Toney observed that she had been hospitalized on several occasions because of "confusion, anxiety, tension and delusions." In his May 1982 analysis, he concluded that she was "unable to be gainfully employed." This was during the March 18, 1982 through June 5, 1983 period of disability for which the Secretary later granted benefits.

During this same time, Dr. Baron found that Williams additionally suffered from a dependent personality disorder. He concluded that due to her chronic psychiatric illness, it "would be very difficult for [her] to work in her field as a bookkeeper," and that her concentration was "very poor" due to her underlying affective illness and psychosis. This evidence was not contradicted. On the basis of the undisputed psychiatric evidence, the decision to deny compensation was not substantially justified.

Moreover, as found by the district court, the Secretary improperly weighed the medical evidence. Although after the initial remand the focus was on Williams's mental

2. *See Pagan v. Bowen,* 862 F.2d 340, 342–43 (D.C.Cir.1988).

condition, the Secretary unreasonably continued to rely on non-psychiatric evidence of Williams's condition in denying benefits. Finally, it was unreasonable for the Secretary selectively to disregard Williams's testimony without adequate credibility findings. The written record gives no indication of malingering. In fact, Williams seems to have been an unusually candid witness. She testified to her hopes of being able to further her education so as to become employable. She also unsuccessfully attempted to go back to work during the period in question. Her testimony, which never was found to be incredible, included an incident of passing out on March 19, 1982, resulting in hospitalization. At that time she indicated, "I was hearing and seeing things, I used to think the television was talking to me and telling me things. Whatever was on the TV I thought it was involving me, I thought they was talking about me." Williams stated that she was "afraid of being in the dark at night by myself because I would—things would be on me I thought [in] the bed, and I was—I guess I was just afraid. I guess I panicked; yes, I would agree with that." Williams testified that she had been hospitalized five times for schizophrenia. During the months from March to July 1982, she testified that she was afraid to go anywhere so she stayed mostly in bed. When asked if she went out at all, Williams answered, "no." When asked what she did during the months from August through November 1982, she answered that she could not remember. She testified that she tried to work in December 1982, but after working for a week or two, she could not continue because "I wasn't able to manage the job and I thought I was hearing things. I thought people was there watching me and things." When asked about her return to work in June 1983, she stated: "I just sort of remember things gradually going back into place where I could finally get back into the work force." Under these circumstances, the Secretary was not substantially justified in denying the limited benefits.

In applying the abuse of discretion review standard to the district court's denial of Williams's fee motion, the majority subtly expands the definition of that standard set forth in *Pirus v. Bowen*, 869 F.2d 536, 539–40 (9th Cir.1989). The majority correctly quotes *Pirus* as limiting review to " 'assuring that the district court's determination has a basis in reason.' " On the following page, however, the majority states that all that is needed to affirm the district court is *"any* basis for concluding that the Secretary's position was reasonable" (emphasis added).

Of course, the district court's task was to determine whether the Secretary's decision was substantially justified, which we, on occasion, have equated with having a reasonable basis in fact and law. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). For us to determine that the district court did not abuse its discretion, however, requires more than ascertaining whether it had "any basis" for concluding that the Secretary's position was reasonable. For example, a trial court in view of the litigation explosion, could erroneously believe that claims should be discouraged and, on that basis, decide that the Secretary's decision to disallow compensation was reasonable. Upon our review, we would have to conclude that the district court had a basis for its conclusion and, ergo, it was not an abuse of discretion. Our function, however, is more searching and less deferential.

Even if we were to apply literally the *Pirus* formulation, limiting review to "assuring that the district court's determination has a basis in reason," we would not fulfill our duty. The above example, where the district court's decision was based on the belief that disability claims should be discouraged, would be based on a reason. The trouble with such a district court decision is that it would be based on an incorrect reason. Thus, the *Pirus* explanation of abuse of discretion has to be construed as requiring that the district court decision be based on a correct reason. Moreover, decisions often are more complex. There may be multiple reasons for a court's decision, one being correct and the others incorrect. A balancing is required by the appellate court to determine whether the

ultimate decision was reasonable and not an abuse of discretion. I believe it was in this context that *Pirus* intended its formulation.

The Equal Access to Justice Act, 28 U.S.C. § 2412 (1988), was passed not only to reduce or eliminate expense as a legal barrier to individuals who have been victims of unreasonable government action, *McGill v. Secretary of Health & Human Services,* 712 F.2d 28, 30 (2nd Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984), (citing H.R.Rep. No. 418 [1418], 96th Cong., 2d Sess. 9–10, *reprinted in* 1980 U.S.Code Cong. & Admin. News 4953, 4984, 4988), but also to make those same individuals whole. *See Change–All Souls Hous. Corp. v. United States,* 1 Cl.Ct. 302, 303 (1982) (citing 125 Cong.Rec. 21,435 (1979)). I believe those purposes are ill served when the undisputed psychiatric evidence supports the claimant's testimony indicating a disabling mental condition, yet the Secretary unreasonably requires a second appeal before granting benefits for the limited period. Contrary to congressional intent, such results will make it difficult if not impossible for the impecunious with similarly just claims to obtain legal representation.

The district court set forth its basis for denying attorney's fees as follows:

> During the second phase of this case, [Williams] appealed the results of the supplemental hearing to this court. The Magistrate remanded the case for a failure to properly weigh conflicting evidence and make credibility findings. Under these circumstances, an award of attorney's fees would be inappropriate. Some medical evidence did support the Secretary's position. In addition, before the second supplemental hearing, [Williams] submitted 83 pages of additional evidence bearing on her disability. The Secretary's disability determination, based partially on the new medical evidence submitted, should not serve to undermine the reasonableness of the Secretary's position in the prior proceeding. Therefore, [Williams's] request for attorneys fees must be denied as the Secretary's position was substantially justified.

(citations omitted). The rationale does not accurately state the reasons for the prior remand. As I have indicated, the district court, in making that remand, adopted the magistrate's findings that "the Secretary had not properly considered [Williams's] mental condition in determining that she could resume work, improperly weighed medical evidence and selectively disregarded [her] testimony without adequate credibility findings." Thus, the remand was not due to "a failure to properly weigh conflicting evidence," but because of a complete failure to consider certain evidence, *i.e.,* that of Williams's mental condition. There is a difference between improperly weighing evidence and completely failing to consider evidence. Similarly, in ordering the second remand, the district court found that the Secretary selectively disregarded Williams's testimony without adequate credibility findings. This is quite different from saying that there was a mere "failure to make credibility findings." There thus was not a reasonable basis advanced by the district court for the denial of attorney's fees, and accordingly the district court's decision should be reversed as an abuse of discretion.