995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betty L. VARNEY, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary, HHS,
Defendant-Appellee.
 No. 92-56215.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 MEMORANDUM***
 Betty L. Varney appeals the district court's denial of her motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (EAJA). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 1
 We review for abuse of discretion the district court's finding that the government's position was substantially justified within the meaning of the EAJA. Pirus v. Bowen, 869 F.2d 536, 539 (9th Cir.1989).
 
 
 2
 The EAJA authorizes the award of reasonable attorney fees to a party who prevails against the government, provided that the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). To deny fees, the district court must find that the government has sustained its burden to show that its conduct was substantially justified at each stage of the administrative and court proceedings. Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir.1991).
 
 
 3
 On March 22, 1985, the Secretary determined that Varney was not disabled and found that her pain testimony was not credible. Varney appealed to the district court, which granted summary judgment for the Secretary. On appeal to this court, Varney argued that the Secretary erred by failing to give specific reasons for discrediting her pain testimony. We agreed and remanded for the district court to make the required specific findings and also to consider the impact of the side effects of medicine on her ability to work. See Varney v. Secretary of Health and Human Services, 846 F.2d 581 (9th Cir.1988) (Varney I ). On petition for rehearing, we decided to accept Varney's subjective pain testimony as true and remanded for payment of benefits rather than for further proceedings. See Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir.1988) (Varney II ).
 
 
 4
 Varney later moved for attorney's fees under the EAJA. The district court found that the Secretary's position was substantially justified and denied the attorney's fees. The district court explained that Ninth Circuit law on sufficient findings as to the credibility of excess pain testimony was developed after the Secretary's decision.
 
 
 5
 Although in Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983), we held that the Secretary is required to make specific findings regarding subjective pain, the standard of what constitutes sufficient findings in cases of excess pain testimony was developed after the Secretary's March 22, 1985 decision. See Varney I, 846 F.2d at 584 ("The parameters of this specific finding requirement are not entirely clear."). The Secretary's initial findings in the instant case were not "contrary to clearly established circuit precedent." Fraction v. Bowen, 859 F.2d 574, 575 (9th Cir.1988).[1]
 
 
 6
 In light of the unclear authority on what constituted adequate findings in the case of excess pain testimony, we hold that the district court did not abuse its discretion by finding that the Secretary's position was substantially justified at each stage of the proceedings. See Williams, 966 F.2d at 1261; Pirus, 869 F.2d at 539.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The same argument applies to the Secretary's failure to make specific findings on the side effects of Varney's medications. Although other courts had required the Secretary to make specific findings regarding the side effects of medication, see e.g., Figueroa v. Secretary, 585 F.2d 551, 554 (1st Cir.1978), the law was not settled, and the Ninth Circuit explained the nature of these findings only after the Secretary's decision. See Pierce v. Underwood, 108 S.Ct. 2541, 2552 (1988) ("[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified."); Kali v. Bowen, 854 F.2d 329, 332 (9th Cir.1988)