29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cesar PACHECO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-56480.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 21, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cesar Pacheco appeals the district court's denial of his application for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (EAJA), following the magistrate judge's grant of summary judgment against the Secretary of Health and Human Services (Secretary) in Pacheco's action for disability benefits under Title II of the Social Security Act, 42 U.S.C. Sec. 405(g). Pacheco contends the district court erred by failing to articulate sufficiently specific reasons for denying him attorney's fees under the EAJA. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 As the prevailing party, Pacheco sought attorneys' fees and costs under the EAJA. Pacheco acknowledges in his opening brief that he argued in his fee petition only that the government had failed to cite and distinguish Swenson v. Sullivan, 876 F.2d 683 (9th Cir.1989), and that this failure justified the fee award. Pacheco concedes that the district court specifically addressed this issue in its order denying him EAJA fees, and does not appear to challenge this finding. To the extent that he is challenging the sufficiency of the district court's finding of substantial justification on this issue, we reject that argument. See Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir.1991).
 
 
 4
 Because none of the exceptions to the general rule against considering issues for the first time on appeal are present in the instant case, we decline to address the justifications for the award of EAJA fees which Pacheco raises for the first time on appeal. See Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987) (exception to rule exists when necessary to prevent miscarriage of justice or preserve integrity of judicial process, when change in law gives rise to new issue while appeal pending, or when issue is purely one of law).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of attorney's fees, we need not address Pacheco's claim regarding the proper calculation of hourly rates for attorney compensation under the EAJA. We also note that the government is correct when it states that the award of costs under the EAJA is permissive, not mandatory. See 28 U.S.C. Sec. 2412(a)(1) ("[A] judgment for costs ... may be awarded to the prevailing party.")