UNITED STATES of America, Plaintiff–Appellee,

v.

Israel RUBIN, as President of I.D. Enterprises, Inc.; I.D. Enterprises, Inc., Defendants–Appellants.

No. 94–55627.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 1995.

Decided March 5, 1996.

Elon A. Pollack, Politis, Pollack & Doram, Los Angeles, California, for defendants-appellants.

Robert I. Lester, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: FLETCHER, CANBY, and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

■ We consider here the propriety of denying attorneys' fees to an otherwise eligible private litigant where the district court finds that the government has advanced both justified and unjustified positions in the underlying litigation. Consistent with the basic purposes of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, we hold that the district court should award fees to the private litigant who is a prevailing party, but should make an apportionment of the fees between what are attributable to the justified and unjustified positions maintained by the government.

## I. BACKGROUND

In this appeal, defendants, I.D. Enterprises, Inc. and its president, Israel Rubin (collectively "Rubin"), appeal the district court's denial of their motion for attorneys' fees pursuant to the EAJA.

Rubin is in the import-export business and is required to maintain certain records relating to the conduct of that business. Rubin does not dispute the basic authority of the United States Customs Service to seek, via summons, certain documents to insure compliance with the nation's customs laws.

The proceedings below were initiated when the government sought, pursuant to 19 U.S.C. § 1510, to enforce an administrative summons issued under 19 U.S.C. § 1509. The district court entered an order directing Rubin to comply with the summons. Rubin appealed. Unsuccessful in obtaining a stay pending appeal and to avoid being held in contempt, Rubin turned over the documents.

This Court reversed, holding that the district court committed plain error by entering an order that did not take into account the government's concession that it in fact needed fewer documents than requested in the summons.[1] *See United States v. Rubin,* 2 F.3d 974 (9th Cir.1993).

---

1. At the first hearing, the district court refused to sign a "blanket order" and requested that the government "get its list together" detailing the documents it actually needed. The government

On remand, the government moved to dismiss the underlying action for mootness as it had already obtained and reviewed the documents sought. The district court dismissed the action with prejudice. Rubin thereupon filed a motion for attorneys' fees pursuant to the EAJA. The district court denied defendants' motion and Rubin filed this appeal.

## II. ANALYSIS

■ 28 U.S.C. § 2412(d)(1)(A) provides that a court shall, in a civil proceeding brought by the United States, award fees and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The United States "bears the burden of proving its position was substantially justified." *Timms v. United States,* 742 F.2d 489, 492 (9th Cir.1984). The United States' position is substantially justified if it "has a reasonable basis both in law and in fact." *Id.*

■ The district court's decision to deny attorneys' fees under 28 U.S.C. § 2412 is reviewed for abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 559, 560, 108 S.Ct. 2541, 2547, 2548, 101 L.Ed.2d 490 (1988). The district court abuses its discretion if it "based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact." *Andrew v. Bowen,* 837 F.2d 875, 877 (9th Cir.1988). "Interpretation of the EAJA is a question of law reviewable *de novo.*" *Id.*

The district court determined that Rubin was the prevailing party pursuant to local rule. The government does not dispute that finding.

The district court also determined that the government was not substantially justified in seeking the production of documents of which it had duplicates in light of *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964), which holds that, to obtain enforcement of a summons, the IRS must establish that the information sought is not already in its possession. The government contends, as it did before the district court, that it desired access to duplicate copies of documents it already had in its possession in order to determine whether Rubin was attempting to avoid payment of dutiable costs by maintaining "double" or "phony" invoices.

In its opposition to the motion for attorneys' fees, the government explained that "occasionally" the Customs Service encounters a situation where an importer's copy of an invoice differs from the version submitted to the Customs Service and "sometimes" the difference is due to the importer's desire to avoid declaring all dutiable costs. The district court found that explanation "not persuasive enough to satisfy the government's burden" under *Powell.* Based upon the record before us, we agree. Moreover, we agree with Rubin that the abandonment of the request for copies of Customs Service entry files in the government's Statement Re Compliance with Administrative Subpoena suggests knowledge of a lack of entitlement to these documents under *Powell.* Finally, under *Powell,* the government should have informed the district court when it sought summons enforcement that it already possessed some of the documents being sought.

Nonetheless, the district court refused to award fees and costs because it determined that the government was substantially justified in seeking the production of the remaining documents. This determination was based in large part upon its conclusion that the issue of what documents the Customs Service may require an importer to produce pursuant to § 1509 was one of first impression.

■ Without deciding the extent of the Customs Service's summons power under § 1509, we find that the district court did not abuse its discretion in determining that the government was substantially justified in its position that it was entitled to this category

---

then filed a document styled Plaintiff's Statement Re Compliance with Administrative Subpoena in which it admitted that it was not requesting additional records in two of the categories of documents sought—Customs Service entry files and bills of lading. Nonetheless, the district court entered an order that the government had lodged with the court prior to its admission that it did not need some of the documents previously sought. This order required Rubin to comply with the administrative summons in its entirety.

of documents. Nonetheless, we find that the district court abused its discretion in failing to award Rubin that portion of fees attributable to the unjustified position. This Circuit has not spoken to this issue, but we find the reasoning of our sister circuits to be persuasive. *See Goldhaber v. Foley*, 698 F.2d 193, 197 (3rd Cir.1983) (where the United States advances both justified and unjustified positions, the United States may be charged "with that portion of the expenses attributable to its unjustifiable positions"); *Matthews v. United States*, 713 F.2d 677, 684 (11th Cir.1983) (same). *Goldhaber* and *Matthews* are consistent with the fundamental purpose of the EAJA: to award fees to financially eligible private litigants who have incurred fees because the government has advanced a demonstrably unjustified position.

### III. CONCLUSION AND REMAND INSTRUCTIONS

We remand to the district court for a determination of the quantum of fees due Rubin. In calculating an appropriate fee award on remand, the district court shall apply a reasonable market rate sensitized to the locality, as Rubin has demonstrated special factors justifying an award in excess of the statutory rate. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

The district court shall also award fees incurred in the previous appeal to the extent those fees were the result of the government's unjustified position. *See Fraction v. Bowen*, 859 F.2d 574 (8th Cir.1988) (awarding fees pursuant to § 2412 for work performed in connection with successful appeal).

Finally, the request for attorneys' fees incurred in this appeal is granted. *See Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (allowing prevailing party to recover fees for services rendered in a fee proceeding without requiring the party to show that the Government's position as to the fee application was not substantially justified); *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir.1988) (awarding attorneys' fees in-

curred in appeal of fee award). The district court shall calculate this award as well.

REVERSED and REMANDED.