99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Haroutinoun GHOKASSIAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-55783.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Oct. 21, 1996.
 
 Before: FLETCHER, TASHIMA, Circuit Judges, RESTANI*, United States Court of International Trade Judge.
 MEMORANDUM**
 Plaintiff-appellant Haroutinoun Ghokassian ("appellant") appeals from the district court's denial of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). We reverse the district court's decision.
 
 PROCEDURAL BACKGROUND
 
 1
 Appellant claimed he was unable to work beginning June 1, 1987, due to "nervous and mental" problems. Consequently, he applied for disability insurance and Social Security Insurance ("SSI") benefits on July 1 and July 9, 1987. Following a hearing, an administrative law judge denied the claim. The Appeals Council upheld the decision. On January 3, 1990, the Commissioner found that appellant retained the ability to perform certain limited work and therefore he was not disabled. On November 20, 1992, the district court granted the Commissioner's motion for summary judgment, finding that the Commissioner's final decision was supported by substantial evidence. Appellant appealed to this court. On December 2, 1994, by a two-to-one majority, we reversed the district court's decision and remanded for payment of benefits to appellant. On January 9, 1995, we issued an order remanding appellant's petition for attorney fees under the EAJA to the district court for determination.
 
 
 2
 Appellant filed a petition in the district court for an award of attorney fees under EAJA in the amount of $12,483.00 for 100 hours, plus costs of $209.60. The Commissioner opposed the fee petition on the grounds that the Commissioner's position had been substantially justified. On May 10, 1995, the district court denied the motion for EAJA attorney fees. Appellant timely appealed and we have jurisdiction. 28 U.S.C. § 1291.
 
 FACTUAL RECORD
 
 3
 The following information was before the hearing officer. Appellant was born in Lebanon in 1945. He had limited elementary education and speaks English with some difficulty. He most recently worked as a sewing machine operator.
 
 
 4
 Dr. Alexander Sweel, a psychiatrist and neurologist, was appellant's treating physician. He examined appellant on June 30, 1987, and reported that appellant was "mildly mentally retarded and [had] been developing severe mental problems during the past fifteen to twenty years." Dr. Sweel's diagnoses included "[m]ajor depression with psychotic features" and chronic post-traumatic stress disorder. In his opinion, appellant was "not capable of engaging in substantial gainful activity." Paul Briggeman, Ph.D., a psychologist who evaluated appellant on behalf of the appellee, reported on August 12, 1987, that appellant "was not oriented to time or place," and his memory appeared deficient. Dr. Briggeman diagnosed recurrent major depression with psychotic features. Dr. Edward Elliot, another board certified psychiatrist, evaluated appellant on August 12, 1987. Dr. Elliot reported that appellant showed "poor judgment and insight" and had "problems with memory." Dr. Elliot also diagnosed major depression.
 
 
 5
 Dr. Romo Isidro, a psychiatric resident who was not yet fully licensed or board certified, stated in his report of December 11, 1987, that appellant: was "well-developed," "well-nourished," and "in no acute distress"; had a twelfth grade education and an average intellect; spoke "broken English;" was "awake, alert, and cooperative;" was able to remember his birthday and details of personal history; and could dress and bathe himself. While Dr. Isidro diagnosed somatoform pain disorder, he stated that "malingering is a very strong possibility" and appellant's condition is "expected to improve significantly with appropriate treatment."
 
 
 6
 Dr. Sweel again examined appellant on August 19, 1988. He stated that although there was "evidence of deterioration in certain areas," appellant's mental status examination was "essentially as found on June 30, 1987."
 
 
 7
 Sidney Walter, a Ph.D., and a licensed, certified clinical psychologist, functioned as a medical advisor to the hearing officer. He reviewed the record and listened to appellant's testimony on November 10, 1988. Dr. Walter identified several inconsistencies in the medical reports of record and indicated that appellant was exaggerating or malingering. While Dr. Walter noted symptoms of an affective disorder, somatoform disorder, and personality disorder, he felt that the appellant's problems were functional rather than psychiatric. On a "mental residual functional capacity assessment" form completed by Dr. Walter on November 10, 1988, he indicated that although appellant's ability to understand, remember, and carry out detailed instructions was markedly limited, the other aspects of his mental capacity generally were not so limited.
 
 
 8
 Alex Aloia, Ph.D., a vocational expert, also testified at the hearing. Assuming appellant's vocational factors and a residual functional capacity to perform light and medium work, Dr. Aloia testified that while appellant would be unable to perform his past work as a sewing machine operator, there are a significant number of other jobs that he could perform in the national economy. The jobs identified by the expert included unskilled light and medium level jobs, such as custodian, janitor, or warehouseman.
 
 DISCUSSION
 
 9
 Under 28 U.S.C. § 2412(d), a court may award a prevailing party fees and other expenses incurred in certain civil actions against the United States "unless the court finds that the position of the United States was substantially justified or the special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (1994). For purposes of determining whether the government's position is "substantially justified" under EAJA, the essential issue is "the reasonableness of the government's position." Wolverton v. Heckler, 726 F.2d 580, 583 (9th Cir.1984). When the government's position "had a reasonable basis both in law and in fact," EAJA fees may not be awarded. Hoang Ha v. Schweiker, 707 F.2d 1104, 1106 (9th Cir.1983).
 
 
 10
 The standard of review on appeal from a district court's decision to deny EAJA attorney fees is "abuse of discretion." Wilderness Soc'y v. Babbitt, 5 F.3d 383, 385 (9th Cir.1993); Williams v. Bowen, 966 F.2d 1259, 1260-61 (9th Cir.1991). The district court abuses its discretion when its "decision is based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." Kali v. Bowen, 854 F.2d 329, 331 (9th Cir.1988) ( quoting, Petition of Hill, 775 F.2d 1037, 1040 (9th Cir.1985). A denial of EAJA fees is not an abuse of discretion where there is at least "some evidence" supporting the Commissioner's original denial of disability benefits. See Williams, 966 F.2d at 1260-61. "[T]he existence of some evidence supporting the [Commissioner's] position precludes a finding that the [Commissioner's] position was substantially unjustified." Albrecht v. Heckler, 765 F.2d 914, 916 (9th Cir.1985). Additionally, "[w]hen the ALJ is reversed for a failure to weigh conflicting medical evidence properly, an award of fees is inappropriate." Id.; see also Wolverton, 726 F.2d at 583 (fees were appropriate because "[t]he ALJ was not reversed for improper balancing, but because there was no evidence contradicting the medical experts' unanimous finding of disability"). Finally, the government's failure to prevail does not raise a presumption that its position was not substantially justified. Kali, 854 F.2d at 332.
 
 
 11
 Nonetheless, the Commissioner's decision is based almost entirely on the medical opinions of Dr. Isidro, a doctor who was not licensed or board certified as a psychiatrist and who examined appellant without the aid of an interpreter. Dr. Walter, a clinical psychologist, who reached the same conclusions as Dr. Isidro did not examine appellant but based his opinion on the record and on his in-court observation.
 
 
 12
 Two board-certified psychiatrists, including the treating physician, and a psychologist diagnosed major depression. Appellant argues that the ALJ committed legal error because he did not afford "special weight" to the medical opinion of appellant's treating physician. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988), and because he relied on the opinion of Dr. Isidro, which was of little value under the circumstances. The reason for deference to the opinion of the treating physician is that the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987).
 
 
 13
 In this case, Dr. Sweel saw the appellant on two occasions more than one year apart. He had the opportunity to judge the course of the disease. His opinion was confirmed by two other psychiatric experts. We agree with appellant that it was unjustified legal error to accept the opinion of Dr. Isidro and to reject the substantial evidence of record of severe mental disease and inability to hold employment. Under the facts of this case, Dr. Isidro's opinion did not rise to the level of "some evidence" in support of the Commissioner's determination.
 
 
 14
 Accordingly, the decision of the district court is reversed and this matter is remanded for consideration of the amount of fees to be awarded under EAJA.
 
 
 
 *
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3