110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David ARUTYUNYAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 No. 96-55823.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Arutyunyan appeals the district court's denial of his application for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), following the district court's partial judgment in his favor. Arutyunyan filed his action in district court seeking judicial review of the Administrative Law Judge's ("ALJ") decision denying his application for supplemental security income benefits after the ALJ determined that he was not disabled. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of attorneys' fees under EAJA, see Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir.1990), and we affirm.
 
 A. Background
 
 3
 On June 25, 1991, Arutyunyan filed his application for supplemental security income benefits, alleging that he was disabled since December 8, 1987. In his application, Arutyunyan alleged that his disability was due to a variety of ailments including back and feet pain; gall bladder, thyroid, and liver problems; vision problems; shortness of breath; and arthritis. After his application was initially denied, Arutyunyan requested an administrative hearing before an ALJ. This hearing was held on August 23, 1994. The ALJ issued his decision on September 28, 1994, and held that Arutyunyan was not entitled to supplemental security income benefits because he was not disabled.
 
 
 4
 In his decision, the ALJ rejected Dr. Agop Aintablian's conclusion that Arutyunyan was disabled. The basis for the ALJ's decision was that, although Dr. Aintablian based his conclusions upon objective clinical tests, these tests were not attached to his report. As a result the ALJ considered Dr. Aintablian's opinion to be unsubstantiated by the record. Because the ALJ has a duty to supplement the record to include all medical evidence relevant to a determination of an applicant's claim, see 20 C.F.R. §§ 416.912(d) and 416.1565(f), the district court[1] remanded Arutyunyan's action so the ALJ could obtain the test results and other clinical records that may support Dr. Aintablian's conclusion that Arutyunyan was disabled. Furthermore, because Dr. Aintablian's opinion and other clinical reports submitted by Arutyunyan provided some medical evidence demonstrating that Arutyunyan was severely impaired, the district court also remanded Arutyunyan's action because the ALJ failed to elicit relevant testimony from Arutyunyan about his medical condition and his ability to perform basic work-related tasks. Subsequently, Arutyunyan filed an application for attorneys' fees pursuant to EAJA. The district court denied the fee application based upon its determination that the Commissioner's position was substantially justified. Arutyunyan appeals.[2]
 
 B. Discussion
 
 5
 Arutyunyan contends that the district court abused its discretion by denying him attorneys' fees under EAJA. This contention lacks merit.
 
 
 6
 The EAJA provides for the award of attorneys' fees to a "prevailing party ... in a civil action ... brought by or against the United States" unless the United States' position is "substantially justified" or there are "special circumstances" that would make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A). The government's position is "substantially justified" if there is a genuine dispute" or "reasonable people could differ" as to the appropriateness of the contested action. Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quotations omitted). The government's position need not be "justified to a high degree," but must be "justified in substance or in the main." Id. (quotations omitted). This standard is the same as "the reasonable basis both in law and fact" standard used by our court. Id. (quotation omitted). In determining whether a position is substantially justified, the court considers the reasonableness of the underlying government action and the government's position in defending the action. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir.1988). A denial of EAJA fees is not an abuse of discretion where there is at least "some evidence" supporting the Commissioner's original denial of disability benefits. See Williams v. Bowen, 966 F.2d 1259, 1260-61 (9th Cir.1991).
 
 
 7
 We agree with the district court that upon a consideration of the circumstances of this case, there was a genuine dispute with respect to the adequacy of the ALJ's development of the record in which reasonable people could differ. See Pierce, 487 U.S. at 565. Furthermore, there was some evidence in the record to support the Commissioner's determination that Arutyunyan was not disabled. See Williams, 966 F.2d at 1260-61. This evidence included: (1) the testimony of Dr. Richard Wear, who observed Arutyunyan's testimony and examined the evidence in the record, and concluded that Arutyunyan had no functional limitations or any impairment which meets the requirements for a finding of disability; (2) the consultative report of Dr. Dhia Al-Sarraf, who evaluated Arutyunyan on May 7, 1992, and concluded that Arutyunyan had controlled hypothyroidism, but no other impairments, despite Arutyunyan's complaints of lower back pain; (3) the consultative report of Dr. Kristoff Siciarz, who evaluated Arutyunyan on January 26, 1993, and found that Arutyunyan's medical and neurological examinations were essentially normal; and (4) the consultative report of Dr. Robert Schatz, who evaluated Arutyunyan on April 20, 1994, and found that Arutyunyan was able to perform basic activities of daily living.[3]
 
 
 8
 Based on the record before us, reasonable minds could differ as to the appropriateness of the ALJ's procedural failure. See Pierce, 487 U.S. at 565. Because the Commissioner's position was substantially justified, the district court did not abuse its discretion by denying Arutyunyan's motion for fees under EAJA. See Pierce, 487 U.S. at 565; Williams, 966 F.2d at 1260-61.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On February 13, 1995, the Appeals Council denied review of the ALJ's decision. Subsequently, Arutyunyan sought judicial review in the district court pursuant to 42 U.S.C. § 405(g)
 
 
 [2]
 To the extent that Arutyunyan contends that the ALJ erred by rejecting the conclusions of Dr. Aintablian and holding that Dr. Aintablian was not a treating physician, these issues are not properly before us because Arutyunyan only appeals from the denial of his application for attorneys' fees pursuant to EAJA
 
 
 [3]
 Furthermore, it should be noted that although Arutyunyan contested the ALJ's decision on numerous other grounds, he prevailed on only one, and he still may not succeed on his application for benefits after remand to the ALJ