119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adonis JENKINS, JR., Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 No. 95-55865.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1997.
Filed July 11, 1997.
 
 Appeal from the United States District Court for the Central District of California Terry J. Hatter, Jr., District Judge, Presiding.
 Before FLETCHER and PREGERSON, C.J., and WEXLER,** D.J.
 MEMORANDUM*
 Adonis Jenkins, Jr. has been awarded social security disability benefits. However, the district court has denied him an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), determining that the Commissioner of Social Security's ("Commissioner's") position opposing an award of benefits was "substantially justified." Jenkins appeals the denial of attorney's fees. We have jurisdiction over this appeal, 28 U.S.C. § 1291. We award attorney's fees on appeal and for the administrative and district court proceedings and reverse and remand for determination of the proper amount of attorney's fees for all proceedings.
 I. ANALYSIS
 Under the EAJA, a court shall award attorney's fees to a prevailing party unless the court finds that the position of the United States was "substantially justified or that special circumstances make an award unjust." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir.1996). We review the district court's decision that the Commissioner's position was substantially justified for abuse of discretion. Williams v. Bowen, 966 F.2d 1259, 1260 (9th Cir.1991). The district court abuses its discretion when its "decision is based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." Id. at 1260-61 (quoting Kali v. Bowen, 854 F.2d 329, 331 (9th Cir.1988)). The Commissioner bears the burden of showing that the government's position that Jenkins was not entitled to benefits was "substantially justified." See Yang v. Shalala, 22 F.3d 213, 217 (9th Cir.1994).
 If a claimant's impairment meets the durational requirement and is listed in Appendix I of 20 C.F.R. Part 404, Subpt. P., the Commissioner must find the claimant disabled without considering his age, education, and work experience. 20 C.F.R. § 404.1520(d); see also Pitzer v. Sullivan, 908 F.2d 502, 505 (9th Cir.1990) (stating that Commissioner may not require that applicant prove more than what is actually set out in the listing criteria); Barker v. Secretary of Health and Human Serv., 882 F.2d 1474, 1477 (9th Cir.1989) (noting that if claimant satisfies the listing criteria under Appendix I he is "presumptively disabled" without consideration of additional factors). Jenkins asserts that from the time he first applied for benefits he has met three of the disability listing criteria in Appendix I: section 1.03B (arthritis in a weight bearing joint)[1]; section 1.11 (fractures)[2]; and section 1.13 (soft tissue injuries).[3] If he meets any one of the three, he must be deemed disabled and is entitled to benefits. 20 C.F.R. § 404.1520(d).
 The record reflects that, as a result of a car accident, Jenkins required seven reconstructive surgeries on his left ankle, a major weight bearing joint, and that major function of that ankle was not restored. See 20 C.F.R. Part 404, Subpt. P., App. 1 § 1.13. Dr. Garfinkle reported that the ankle is "essentially fused." See 20 C.F.R. Part 404, Subpt. P., App. 1 § 1.03B. Similarly, Dr. Bills noted that Jenkins' ankle was "stable" but that he has "minimal motion in either subtalar or ankle motion and [his ankle] is basically ankylosed[4]." See id. Dr. Kan concluded that Jenkins has "[s]evere post traumatic degenerative arthritis of the left ankle." See id. We find nothing in the record suggesting that Jenkins ever recovered full weight-bearing use of his ankle.
 The first ALJ, without explanation, concluded that Jenkins did not qualify under the listings. She stated that Jenkins failed to qualify under § 1.03 because "[e]xamination of the knees fail[ed] to indicate the presence of any condition that would meet or equal the requirements set forth under section 1.03 of the listings." (emphasis added). Noticeably absent from the ALJ's opinion is any mention of Jenkins' crushed ankle--his most severe injury--or of the listing criteria under § 1.13, which Jenkins appears to satisfy. Jenkins also appears to satisfy the criteria for listing under § 1.03B, which merely requires a showing of "persistent joint pain and stiffness with signs of marked limitation of motion" as a result of reconstructive surgery of a major weight-bearing joint and failure to achieve full weight-bearing status within 12 months. 20 C.F.R. Part 404, Subpt. P., App. 1 § 1.03B. The first ALJ also improperly discredited Jenkins' testimony concerning pain. See Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir.1991) (en banc).
 We agree that Jenkins does not qualify for disability under § 1.11 because the medical evidence in the record suggests that all bones in his leg obtained "solid union." However, the Commissioner has not offered an adequate explanation as to why he does not qualify under the other two provisions, §§ 1.03B and 1.13. Evidence of his arthritis and persistent joint pain and stiffness appears to satisfy the requisites for obtaining benefits under § 1.03B. See 20 C.F.R. Part 404, Subpt. P., App. 1 § 1.03B. He also appears to satisfy the requisites of § 1.13 since the doctors' statements support the conclusion that Jenkins does not have major function of his left ankle after his series of staged surgical procedures. See 20 C.F.R. Part 404, Subpt. P., App. 1 § 1.13.
 The magistrate judge reviewing the first ALJ's decision correctly identified that there were unresolved medical questions relating to whether Jenkins was objectively qualified as disabled under §§ 1.03B and 1.13, and that there were compelling reasons for believing that Jenkins would meet the listing criteria. The magistrate judge therefore remanded for further medical findings.
 The second ALJ, without explanation, concluded that "none of the musculoskeletal Listings are quite met or equalled." Nonetheless, he awarded benefits because he disagreed with the first ALJ's pain determination. Like the first ALJ, the second ALJ failed to point to anything in the record which showed why Jenkins did not objectively qualify for disability under §§ 1.03B and 1.13.
 II. CONCLUSION
 Based on our review of the record, the Commissioner did not sustain the government's burden to show that its position was "substantially justified." We conclude that the district court abused its discretion in denying Jenkins attorney's fees. Jenkins is also entitled to attorney's fees on appeal. We reverse and remand for the district court to determine the appropriate amount to be awarded as attorney's fees for the administrative proceedings, and before the district court and on appeal.
 REVERSED and REMANDED.
 
 
 
 **
 Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To qualify for disability under § 1.03B, a claimant must show:
 With history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination. With: ...
 B. Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.
 
 
 [20]
 C.F.R. Part 404, Subpt. P., App. 1 § 1.03B
 
 
 [2]
 To qualify for disability under § 1.11, a claimant must show:
 Fracture of the femur, tibia, tarsal bone or pelvis with solid union not evident on X-ray and not clinically solid, when suck determination is feasible, and return to full weight-bearing status did not occur or is not expected to occur within 12 months of onset.
 
 
 [20]
 C.F.R. Part 404, Subpt. P., App. 1 § 1.11
 
 
 [3]
 To qualify for disability under § 1.13, a claimant must show:
 Soft tissue injuries of an upper or lower extremity requiring a series of staged surgical procedures within 12 months after onset for salvage and/or restoration of major function of the extremity, and such major function was not restored or expected to be restored within 12 months after onset.
 
 
 [20]
 C.F.R. Part 404, Subpt. P., App. 1 § 1.13
 
 
 [4]
 "Ankylosed" means to make a joint immobile or stiff. 1 J.E. Schmidt, A-266 Attorneys' Dictionary of Medicine (1997)